**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE<br>COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>NVT LICENSES, LLC, a Delaware limited<br>liability company,<br><br>NVT, LLC, a Delaware limited liability<br>company,<br><br>and<br><br>SUNEDISON, INC., a Delaware corporation,<br><br>Defendants. | Cause No.:  16-cv-418 |

## INDEMNITY COMPLAINT

ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), by and through its

undersigned attorneys, sets forth the following complaint against Defendants NVT Licenses, LLC,

NVT, LLC, and SunEdison, Inc. ("SunEdison") (collectively "Defendants" or "Indemnitors").

## PARTIES

1.       ASIC is a New York corporation and citizen with its principal place of business at

605 Highway 169 North, Plymouth, MN 55441.

2.       NVT Licenses, LLC is a limited liability corporation organized and existing under

the laws of the State of Delaware, with its principle place of business located in Beltsville,

Maryland. Upon information and belief, NVT Licenses, LLC is a wholly owned subsidiary of

SunEdison, Inc. and that SunEdison, Inc. is thus the sole member of NVT, LLC. NVT Licenses,

1

LLC can be served care of its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

3.     NVT, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principle place of business located in Beltsville, Maryland. Upon information and belief, NVT, LLC is a wholly owned subsidiary of SunEdison, Inc. and that SunEdison, Inc. is thus the sole member of NVT, LLC. NVT, LLC can be served care of its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

4.     SunEdison, Inc. is a Delaware corporation and citizen with its principal place of business located in St. Peters, MO. SunEdison can be served care of its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this cause under 28 U.S.C. §1332(a)(1) in that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

7.     SunEdison and its affiliates and/or subsidiaries (hereinafter the "Principals") are in the business of providing construction services for energy projects located in the State of Missouri, among other places.

8.     In accordance with its contracts between Principals and the various project owners for the projects, and relevant statutory authority, Principals was required to obtain and provide payment and performance surety bonds for the projects identified in Paragraph 11 (referred to as

2

the "Projects") to guarantee Principals' performance obligations under the contracts and to secure Principals' payment obligations to its subcontractors and materialmen that it engaged for the Projects, subject to the terms of the bonds, the contracts, and the law.

9.      Pursuant to and at the request of Principals and the Indemnitors, ASIC, as surety, issued payment and performance bonds on behalf of Principals as principal, in connection with the Projects as follows:

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800022100 | NVT LICENSES, LLC | RIVER MOUNTAINS SOLAR, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED IN HENDERSON, NV AS DESCRIBED IN ANNEX 1 | 4,887,091 |
| 800004993 | TEAM-SOLAR INC., | COUNTY OF SAN MATEO | 1,006 KW SAN MATEO MEDICAL CENTER | 3,615,493 |
| 800014782 | BWC ORIGINATIO N 17 LLC | TOWN OF WEBSTER TOWN HALL | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PV SYSTEM - WEBSTER LANDFILL LEASE AGREEMENT | 3,200,000 |
| 800004989 | VEGA SOLAR, LLC | COUNTY OF MERCED | VEGA SOLAR PROJECT - DECOMMISSIONING REQUIREMENTS IN THE EIR FOR COMPLETE AND TOTAL REMOVAL OF SYSTEM | 1,770,000 |
| 800022111 | NVT LICENSES, LLC | SUNE DB48, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2729 ELM ST, DIGHTON, MA 02715-1602 | 1,696,067 |
| 800014769 | NVT LICENSES, LLC | SUNE SOLAR XVII PROJECTS3, LLC | PERFORMANCE BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 7763 WEST YOUNDER RD, CEDAR CITY, UT 84720 | 1,303,526 |
| 800014787 | NVT LICENSES, LLC | SUNE DB38,LLC | PEFORMANCE AND PAYMENT BOND – INSTALLATION OF P HOTOVOLTAIC SYSTEM LOCATED AT WILLARD STREET, MA 01536 | 898,128 |
| 800014799 | NVT LICENSES, LLC | SUNE SOLAR XVII PROJECT5, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 3340 MERRICK RD, SEAFORD, NY  11783 | 861,522 |

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800014770 | NVT LICENSES, LLC | OAK LEAF SOLAR V LLC | PERFORMANCE AND PAYMENT BOND – INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 6957 HIGHWAY 101, SHAKOPEE, MN 55379 | 755,614 |
| 800014793 | NVT LICENSES, LLC | SUNE DB42, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 912 APPLETON RD, ELKTON, MD  21931 | 754,602 |
| 800014772 | NVT LICENSES, LLC | BWC ORIGINATION 17 LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT CUDWORTH ROAD, WEBSTER, MA | 643,093 |
| 800014788 | TEAM-SOLAR, INC. | SUNE DB27, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 205 W PULASKI HIGHWAY, ELKTON, MD | 619,522 |
| 800014774 | TEAM-SOLAR, INC. | SUNE SOLAR XVIII PROJECT1, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2220 ALMOND AVE, REDLANDS, CA 92373 | 583,702 |
| 800004995 | SUNEDISON, INC | COUNTY OF SAN BERNARDINO | DUNCAN ROAD SOLAR DECOMMISSIONING | 513,942 |
| 800022109 | NVT LICENSES, LLC | SUNE DB47, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM AT THE LOCATION OF 14 YORKSHIRE LANE, GRAFTON, MA 01536 | 501,995 |
| 800014792 | NVT LICENSES, LLC | SUNE DB43, LLC | PERFORMANCE AND PAYMENT BONDS -  INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED IN HENDERSON, NV AS DESCRIBED IN ANNEX 1 | 474,317 |
| 800005013 | SUNEDISON, INC | COUNTY OF SAN BERNARDINO | WHITE ROAD SOLAR DECOMMISSIONING | 469,221 |
| 800022102 | TEAM-SOLAR, INC. | SUNE DB46, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 6514 W GETTYSBURG AVE, FRESNO, CA | 452,680 |

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800022101 | TEAM-SOLAR, INC. | SUNE DB39, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 3535 N CORNELIA AVE, FRESNO, CA | 451,926 |
| 800014780 | SUNE SOLAR XVII PROJECT1, LLC | PACIFICORP | PERFORMANCE BOND - FIDDLER'S CANYON 1 (REQ. ANTHONY HA) | 430,000 |
| 800014775 | TEAM-SOLAR, INC. | SUNE DB13, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 11120 PHILADELPHIA AVE, MIRA LOMA, CA 91752 | 427,123 |
| 800014771 | NVT LICENSES, LLC | SUNE DB26, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT CA DOT TRANSPORTATION MANAGEMENT CENTER, 13892 VICTORIA ST, F | 408,022 |
| 800014778 | TEAM-SOLAR, INC. | SUNE DB23, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 8599 ROCHESTER AVE, RANCHO CUCAMONGA, CA  91730 | 375,889 |
| 800014700 | NVT LICENSES, LLC | SUNE DB3, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM AT 3288 MOANALUA RD, HONOLULU, HI 96819 | 331,601 |
| 800004978 | ARCO SOLAR 1 LLC | PACIFIC GAS AND ELECTRIC COMPANY | PAYMENT BOND - LGISPA, LGIA, CAISO AGREEMENTS | 326,250 |
| 800014718 | SUNEDISON, INC | TOWNSHIP OF BRIDGWATER | REMOVAL OF A GROUND MOUNTED SOLAR DISTRIBUTED GENERATION PLANT LOCATED AT O CURVE STREET, BRIDGEWATER, MA 02324 | 300,000 |
| 800005023 | NVT LICENSES, LLC | SUNE DB3, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM AT 1010 PENSACOLA ST, HONOLULU, HI 96814 | 291,330 |
| 800014783 | REUT ORIGINATION, LLC | PACIFICORP DBA ROCKY MOUNTAIN POWER | PERFORMANCE BOND - UT-12-0029 - Q0471 - QUICHAPA 1 - ROUTE 56, CEDAR CITY, UT 84720 | 260,000 |

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800014733 | HUDSON ENERGY SOLAR CORP. | GREENWICH TOWNSHIP BOARD OF EDUCATION | DECOMMISSIONING AND REMOVAL OF A ROOF MOUNTED SOLAR INSTALLATION - 101 WYNDHAM FARM BLVD, STEWARTSVILLE, NJ | 250,000 |
| 800014734 | HUDSON ENERGY SOLAR CORP. | GREENWICH TOWNSHIP BOARD OF EDUCATION | DECOMMISSIONING AND REMOVAL OF A ROOF MOUNTED SOLAR INSTALLATION - 642 MAIN STREET, STEWARTSVILLE, NJ | 250,000 |
| 800022112 | TEAM-SOLAR, INC. | LATHROP SOLAR 1, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 18500 HARLAN RD, LATHROP, CA 95330 | 246,249 |
| 800014786 | TEAM-SOLAR, INC. | SUNE DB40, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2045 N DICKENSON AVE, FRESNO, CA | 242,843 |
| 800014773 | TEAM-SOLAR, INC. | SUNE DB21, LLC | PERFORMANCE AND PAYMENT BOND - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 11120 PHILADELPHIA AVE, MIRA LOMA, CA 91752 | 235,027 |
| 800014796 | NVT LICENSES, LLC | SUNE DB44, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 300 OLNEY-SNADY SPRING, MD 20860 | 206,645 |
| 800022106 | NVT LICENSES, LLC | SUNE DB36, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 1750 E BENSON HWY, TUCSON, AZ | 203,515 |
| 800014785 | REUT ORIGINATION, LLC | PACIFICORP DBA ROCKY MOUNTAIN POWER | PERFORMANCE BOND - UT-12-0031 - Q0473 - QUICHAPA 3 - ROUTE 56, CEDAR CITY, UT A4720 | 203,000 |
| 800022113 | TEAM-SOLAR, INC. | LATHROP SOLAR 1, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2112 EAST LOUISE AVE, LATHROP, CA 95330 | 192,191 |
| 800014776 | BWC ORIGINATION N 17 LLC | TOWN OF WEBSTER | DECOMMISSIONING AND REMOVAL OF PV SYSTEM - WEBSTER LANDFILL LEASE AGREEMENT (REQ. ERIN SWEET) | 190,000 |
| 800014784 | REUT ORIGINATION, LLC | PACIFICORP DBA ROCKY MOUNTAIN POWER | PERFORMANCE BOND - UT-12-0031 - Q0472 - QUICHAPA 2 - ROUTE 56, CEDAR CITY, UT 84720 | 171,000 |

6

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800005014 | SUNEDISON, INC | COUNTY OF SAN BERNARDINO | DUNCAN ROAD OFF SITE IMPROVEMENTS | 166,978 |
| 800022105 | NVT LICENSES, LLC | SUNE DB33, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2805 E AJO WAY, TUCSON, AZ | 141,330 |
| 800014795 | NVT LICENSES, LLC | SUNE DB45, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATIONOF PHOTOVOLTAIC SYSTEM LOCATED AT 6505 MUNCASTER MILL RD, DERWOOD, MD | 119,833 |
| 800014798 | NVT LICENSES, LLC | SUNE DB45, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 10301 APPLE RIDGE ROAD, GAITHERSBURG, MD 20879 | 111,116 |
| 800014755 | SUNE DB20, LLC | TOWN OF REHOBOTH, MA | PERFORMANCE BOND - INSTALLATION OF A SOLAR PHOTOVOLTAIC FACILTIY 280 SUMMER ST, REHOBOTH, MA | 103,900 |
| 800014797 | NVT LICENSES, LLC | SUNE DB45, LLC | PERFORMANCE AND PAYMENT BONDS - INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 1401 DENNIS AVE, SILVER SPRING, MD 20902 | 87,793 |
| 800022104 | NVT LICENSES, LLC | SUNE DB34, LLC | INSTALLATION OF PHOTOVOLTAIC SYSTEM LOCATED AT 2695 E AJO WAY, TUCSON, AZ | 84,092 |
| 800004977 | ARCO SOLAR 1 LLC | PACIFIC GAS AND ELECTRIC COMPANY | PAYMENT BOND - LGISPA, LGIA, CAISO AGREEMENTS | 75,000 |
| 800014703 | SUNE SOLAR XV LESSOR, LLC | DENNIS MAHONEY & SONS, INC AND THE TOWN OF MATTAPOISETT | INSTALLATION OF PHOTOVOLTAIC SYSTEM AT 70 HWY 106, SPRINGFIELD, VT 05150 | 74,000 |
| 800014781 | SUNE SOLAR SVII PROJECT2, LLC | PACIFICORP | PERFORMANCE BOND - FIDDLER'S CANYON 1 (REQ ANTHONY HA) | 38,500 |

| Bond Number | Principal | Primary Obligee Name | Bond Description | Bond Amount |
|---|---|---|---|---|
| 800004956 | SUNEDISON, INC | BOROUGH OF TETERBORO, MUNICIPAL BUILDING | TETERBORO MAINTENANCE BOND | 18,250 |
| 800014760 | NVT LICENSES, LLC | CITY OF GREELEY | CONTRACTOR LICENSE | 1,000 |
| GRAND TOTAL: | | | | 31,014,918 |

The bonds in the above-referenced table will be collectively referred to as the "Bonds." The Obligees in the above-referenced table will be referred to as the "Obligees."

10.     As a condition for ASIC's issuance of Bonds on behalf of Principals, ASIC first required that the Indemnitors enter into a General Indemnity Agreement ("Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit A.

11.     On or about February 13, 2014, NVT Licenses, LLC by the signature of its Vice President and Treasurer, R. Phelps Morris, executed the Indemnity Agreement. See Exhibit A.

12.     On or about February 13, 2014, NVT, LLC by the signature of its Vice President and Treasurer, R. Phelps Morris, executed the Indemnity Agreement. See Exhibit A.

13.     On or about February 13, 2014, SunEdison by the signature of its Executive Vice President and CFO, Brian Wuebbels, executed the Indemnity Agreement. See Exhibit A.

14.     The Indemnity Agreement requires, in part, the Indemnitors to indemnify and hold ASIC harmless from any and all liability, loss, costs and expenses of whatsoever kind and nature, ASIC incurs by reason of having executed any bond, including the Bonds, on behalf of Principals or as a result of any default under the Indemnity Agreement, as detailed below.

"Indemnity — The Indemnitors shall exonerate, hold harmless, indemnify, and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of any kind or nature, including but not limited to, court costs, reasonable attorney's fees, accounting, and any other reasonable outside consulting fees and from and against any such losses and expenses which the Surety may sustain or incur, plus interest thereon, arising out of, directly or indirectly: (1) the Surety being requested by the Indemnitors to execute or procure the execution of any Bonds; or (2) the Surety having executed or procured the execution of any Bonds on behalf of Principal; or (3) the failure of the Indemnitors to perform or comply with any of the terms and conditions of this Agreement and/or (4) the Surety enforcing any of the terms and conditions of this Agreement."

Exhibit A, ¶2.

15.     The Indemnity Agreement also requires, in part, the Indemnitors to deposit and post

collateral with ASIC upon demand of ASIC as follows:

"Collateral —The Indemnitors upon demand of the Surety, at any time and for any reason, including but not limited to Surety's receipt of a claim, shall deliver to the Surety collateral in the form and amounts acceptable to the Surety in its sole and absolute discretion. Any acceptable collateral provided to the Surety by the Indemnitors or any third party or the proceeds thereof, in whole or in part, may be hold in the name of Surety and applied to any obligations of Indemnitors under this Agreement. The Surety shall not have any obligation to release such collateral until it has received a written release and conclusive evidence of its discharge without loss in the form and substance satisfactory to the Surety with respect to the Bonds and fulfillment by Indemnitors of all obligations owed under this Agreement. Indemnitors agree that their failure to immediately deposit with Surety any sums demanded under this section shall cause irreparable harm to Surety for which it has no adequate remedy at law, and Surety shall be entitled to injunctive relief for specific performance of such obligation."

Exhibit A, ¶3.

16.     The Indemnity Agreement further provides in pertinent part:

"Settlement of Claims — The Surety shall have the exclusive right to adjust, settle, or compromise in good faith any claims, demand, suit or any other proceeding against the Surety arising out of any Bonds, and the Surety's determination shall be binding and conclusive upon the Indemnitors.  In the event of any payment by the Surety, an itemized statement of the amount of any such payment sworn to by any officer or authorized representative of the Surety shall be *pima facie* evidence of the fact and the amount of such payment and of the extent of the liability of the Indemnitors to the Surety, and, in the absence of actual fraud or bad faith amounting to dishonesty or malicious conduct, shall be final, conclusive and binding upon the Indemnitors."

Exhibit A, ¶4.

17.     The Indemnitors' liability under the Indemnity Agreement is joint and several.

18.     Subsequent to the issuance of the Bonds, ASIC has received and is investigating a claim asserted by Del Monte Electric Company, Inc. on Bond No. 800004993 for the San Mateo Medical Center in the amount of $378,333.05 ("Claim").

19.     Pursuant to the terms of the Indemnity Agreement, ASIC retained legal counsel to assist ASIC in investigating, defending and resolving the Claim and in enforcing the terms of the Indemnity Agreement.

20.     ASIC has notified the Indemnitors of the Claim asserted against the Bonds.

21.     ASIC has demanded in writing that the Indemnitors indemnify ASIC and pursuant to the terms of the Indemnity Agreement to post collateral to protect ASIC from potential losses in the amount of $16,600,933.00. A copy of ASIC's written demand is attached hereto as Exhibit B.

22.     As of March 25, 2016, the Indemnitors have not indemnified ASIC or posted collateral as requested.

23.     As of March 25, 2016, in order to discharge its obligations under the Bonds, ASIC has incurred costs and fees in connection with the Claim against the Bonds.

## COUNT I
## BREACH OF CONTRACT

24.     ASIC adopts and re-alleges paragraphs 1 through 23 as and for paragraphs 1 through 23 of Count I as though fully set forth herein.

25.     The Indemnitors are obligated to indemnify ASIC from all losses, costs, expenses and fees ASIC has incurred in connection with the Bonds and in enforcing the terms of the Indemnity Agreement.

26.     Pursuant to Paragraph 2, ASIC is entitled to be reimbursed for all payments made and expenses incurred by ASIC related to the Bonds.

27.     As of March 25, 2016, the Indemnitors have failed to post collateral in the amount demanded by ASIC and hold ASIC harmless from ASIC's existing losses, advances, costs, expenses, and fees incurred as a result of issuing the Bonds on behalf of Principals and in enforcing the Indemnity Agreement.

28.     Despite ASIC's written demands, the Indemnitors have breached the Indemnity Agreement by failing and refusing to comply with the Indemnity Agreement to post collateral in the amount demanded by ASIC to protect ASIC from potential loss.

29.     ASIC has been damaged by the Indemnitors' material breach of the executed Indemnity Agreement.

### PRAYER FOR RELIEF

WHEREFORE, Atlantic Specialty Insurance Company prays for:

(a)     Judgment against the Indemnitors, jointly and severally, in the amount of ASIC's losses, plus all cost and expense, additional including attorneys' fees and interest, in the amount that ASIC has incurred; and

(b)     Order the Defendants to indemnify and exonerate ASIC for all liabilities, losses, and expenses incurred by ASIC as a result of ASIC having executed the Bonds;

(c)     For an order that the Indemnitors have breached the Indemnity Agreement by failing to post collateral as demanded by ASIC;

(d)     For such additional relief as this Court deems appropriate.

### COUNT II
### EXONERATION AND QUIA TIMET

30.     ASIC adopts and re-alleges paragraphs 1 through 29 for paragraphs 1 through 29 of Count II as though fully set forth herein.

11

31.     ASIC has previously demanded in writing that the Indemnitors hold ASIC harmless from the claims asserted and post collateral. This amount will continue to increase as ASIC incurs further fees and expenses in enforcing ASIC's rights under the Indemnity Agreement and in resolving the pending Claim against the Bonds and any future claims against the Bonds.

32.     As the principal of the Bonds, Principals and the Indemnitors owe ASIC the duty of exoneration, requiring Principals and the Indemnitors to perform their obligation before ASIC is called upon to perform its obligations under the Bonds.

33.     ASIC is entitled to a remedy known as *quia timet*. This remedy secures a surety from loss when it appears that the principal is reasonably likely to fail or refuse to perform or to protect the surety from loss.

34.     The Indemnitors have failed and refused to meet their obligations under the Indemnity Agreement by failing to hold ASIC harmless from the asserted Claim and fees and expenses ASIC will incur in resolving the Claim, future claims, and in enforcing the terms of the Indemnity Agreement.

35.     ASIC is entitled to be reimbursed for the attorneys' fees it has currently paid and to be fully collateralized by the Indemnitors for its potential liability in order to discharge its obligations under the Bonds.

36.     ASIC lacks an adequate remedy at law to secure its right of exoneration from the Indemnitors and is without a plain, speedy remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Atlantic Specialty Insurance Company respectfully requests this Court grant the following relief:

(a)     Order the Indemnitors to indemnify and exonerate ASIC for all liabilities, losses, and expenses incurred by ASIC as a result of ASIC having executed the Bonds;

(b)     Order the Indemnitors to pay for ASIC's costs incurred to-date; and

(c)     For such additional relief as this Court deems appropriate.

**COUNT III**
**SPECIFIC PERFORMANCE OF THE INDEMNITY AGREEMENT**

37.     ASIC adopts and re-alleges paragraphs 1 through 36 for paragraphs 1 through 36 of Count III as though fully set forth herein.

38.     ASIC has demanded in writing that the Indemnitors post collateral with ASIC pursuant to the terms of the Indemnity Agreement.

39.      As of March 25, 2016, the Indemnitors have failed to reimburse ASIC.

40.     ASIC lacks an adequate remedy at law and will suffer irreparable harm if any relief sought in this litigation consistent with ASIC's rights under the Indemnity Agreement is not granted.

**PRAYER FOR RELIEF**

WHEREFORE, Atlantic Specialty Insurance Company respectfully requests the Court grant the following relief:

(a)     Order the Indemnitors to indemnify and exonerate ASIC for all liabilities, losses, and expenses incurred by ASIC as a result of having executed the Bonds;

(b)     Order the Indemnitors to post collateral to ASIC in the amount of **$16,600,933.00**;

(c)     For such additional relief as this Court deems appropriate.

13

Dated: March 25, 2016                    Respectfully submitted:

                                                     **ATLANTIC SPECIALTY INSURANCE
COMPANY**

By: s/John E. Sabo
JOHN E. SABO
CLAYBORNE, SABO & WAGNER LLP
525 West Main Street, Suite 105
Belleville, IL  62220
Phone:  (618) 239-0187
Facsimile:  (618) 416-7556
E-Mail:  jsabo@cswlawllp.com
*Counsel for Plaintiff, Atlantic Specialty
Insurance Company, a New York corporation*